Rosina **FIENO**, Respondent,

v.

**STATE of Minnesota, et al., Defendants,**

**Ronald Leatherbarrow, Appellant.**

No. C8–97–174.

Court of Appeals of Minnesota.

Aug. 19, 1997.

Michelle M. Lore, Donald E. Horton, Horton and Associates, Minneapolis, for Respondent.

Hubert H. Humphrey, III, Attorney General, Kristin Jones Pierre, Assistant Attorney General, St. Paul, for Appellant.

Considered and decided by PARKER, P.J., and HARTEN and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN[*], Judge.

Appellant challenges the district court order denying his motion for summary judgment, arguing that the court erred in ruling as a matter of law that appellant was not entitled to absolute immunity on respondent's claim of defamation. We reverse.

## FACTS

Respondent Rosina Fieno was employed as an associate dean at Lakewood Community College (Lakewood). In August 1994, following a reassignment that she believed was discriminatory, Fieno filed a sex discrimination claim against Lakewood with the Minnesota Department of Human Rights (MDHR).[1] In November 1994, Fieno received a written reprimand for inappropriate staffing procedures from the Lakewood Dean of Academic Affairs, appellant Ronald Leatherbarrow. This was followed by a poor performance evaluation in December 1994, also from Leatherbarrow.[2] In January 1995, Lakewood President James Meznek notified Fieno that she was terminated effective November 1, 1995. He cited several grounds for the termination, including the poor performance evaluation.[3]

In August 1995, Fieno brought suit against the State of Minnesota, Lakewood, and Meznek and Leatherbarrow, individually, alleging violation of the Minnesota Human Rights Act (MHRA), tortious interference with contract, breach of contract, and defamation per se. Fieno claimed that defendants had taken adverse employment actions against her, in-

---

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Fieno voluntarily dismissed the claim in early 1995.

2. Leatherbarrow placed one copy of each document in Fieno's personnel file and sent one copy to Lakewood President James Meznek.

3. Fieno then filed a second discrimination charge with the MDHR in February 1995, alleging reprisal for her previous MDHR claim. In August 1995, the MDHR issued a no-probable-cause finding.

cluding the written reprimand and negative performance evaluation, and terminated her employment, all because she had filed a complaint with the MDHR. Defendants moved for summary judgment. The district court dismissed all claims against the state, Lakewood, and Meznek on the ground of statutory immunity. The court dismissed the breach of contract claim against Leatherbarrow, but denied summary judgment on the MHRA violation and tortious interference with contract claims because material facts existed as to the question of malice.[4] The court also denied summary judgment on the defamation issue, ruling that although Leatherbarrow was entitled to a qualified privilege, there were questions of fact as to whether he had acted with malice.[5]

Leatherbarrow then brought a summary judgment motion in district court, arguing that he is entitled to absolute immunity on the defamation claim. The district court denied this motion, and Leatherbarrow again appeals.

## ISSUE

Did the district court err when it ruled as a matter of law that Leatherbarrow is not entitled to absolute immunity on Fieno's claim of defamation?

## ANALYSIS

■ An order denying summary judgment is immediately appealable when the motion is based on governmental immunity from suit. *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 832 (Minn. 1995). On appeals from summary judgment, this court must consider two questions:

(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). "A reviewing court is not bound by a district court's determination of a purely legal issue." *Summit House Co. v.*

*Gershman*, 502 N.W.2d 422, 423–24 (Minn. App.1993).

■ Whether absolute immunity applies is a question of law that this court considers de novo. *Board of Regents v. Reid*, 522 N.W.2d 344, 346 (Minn.App.1994), *review denied* (Minn. Oct. 27, 1994). A party seeking immunity from suit has the burden of proving that the immunity applies. *Rehn v. Fischley*, 557 N.W.2d 328, 333 (Minn.1997).

■ In her complaint, Fieno alleges that appellant's written reprimand and performance evaluation were defamatory per se. In response, Leatherbarrow asserts that he, as the holder of an absolute privilege, is entitled to absolute immunity from Fieno's claim of defamation. Leatherbarrow argues that he is entitled to absolute immunity because the written reprimand at issue here is public personnel data pursuant to Minn.Stat. § 13.43, subd. 2 (1996). We agree and find that the argument also applies to the performance evaluation.

■ Persons who disclose public personnel data are entitled to an absolute privilege from defamatory actions. *Rutherford v. County of Kandiyohi*, 449 N.W.2d 457, 464 (Minn.App.1989), *review denied* (Minn. Feb. 28, 1990). Further, "[t]he holder of an absolute privilege has absolute immunity from suit for defamation." *Board of Regents*, 522 N.W.2d at 346.

■ All public employee personnel data are private unless designated otherwise by the Minnesota Government Data Practices Act. *Annandale Advocate v. City of Annandale*, 435 N.W.2d 24, 27 (Minn.1989); *Demers v. City of Minneapolis*, 486 N.W.2d 828, 831 (Minn.App.1992). Nothing in the act specifically states that written reprimands or performance evaluations are public documents. The act, however, designates as public

(4) the existence and status of any complaints or charges against the employee,

4. Leatherbarrow appealed the MHRA and tortious interference with contract claims. This court affirmed the district court order in *Fieno v. State*, No. C9–96–1808, 1997 WL 104909 (Minn. App. Mar.11, 1997), *review denied* (Minn. May 28, 1997).

5. Leatherbarrow also sought discretionary review of the district court's decision denying summary judgment on the defamation claim. This court denied discretionary review.

regardless of whether the complaint or charge resulted in a disciplinary action; and

> (5) the final disposition of any disciplinary action together with the specific reasons for the action and data documenting the basis of the action, excluding data that would identify confidential sources who are employees of the public body.

Minn.Stat. § 13.43, subd. 2(a)(4), (5). "Final disposition" is defined as occurring

> when the state agency * * * makes its final decision about the disciplinary action, regardless of the possibility of any later proceedings or court proceedings.

Minn.Stat. § 13.43, subd. 2(b); *see also Annandale Advocate*, 435 N.W.2d at 28 (defining "final disposition" as "the last and final determination of the matter itself").

Leatherbarrow contends that the written reprimand is a public document because it was a final disposition of a disciplinary action. This may be true. The fact of the matter, however, is that Fieno's termination was also a "final disposition" of a disciplinary action. *See Deli v. Hasselmo*, 542 N.W.2d 649, 652, 655 (Minn.App.1996) (employee discharge was final disposition of disciplinary action), *review denied* (Minn. Apr. 16, 1996); *Rutherford*, 449 N.W.2d at 464 ("[N]otice of termination was the 'final disposition' of the disciplinary action."). Fieno was terminated for, among other things, the poor performance evaluation. Therefore, any information within Fieno's personnel file that documents the basis for the termination is public data. This would include the negative performance evaluation and the written reprimand, both of which reference complaints of inappropriate staffing procedures.[6]

We find support for this not only in the statute but also in *Minneapolis Fed'n of Teachers v. Special Sch. Dist. No. 1*, 512 N.W.2d 107 (Minn.App.1994), *review denied* (Minn. Mar. 31, 1994). In *Minneapolis Fed'n*, reporters from the Star Tribune requested that the Minneapolis public schools provide them with employee disciplinary information, including the names of the employees disciplined, the final disposition of any disciplinary action together with data documenting the basis of the action, and the existence of any complaints or charges filed against the employees. *Id.* at 109. This court stated that the requested information was "specifically classified by statute as public data." *Id.* at 111. The court also stated that "the public * * * has an interest in disciplinary material that relates to an individual's fitness for a particular position." *Id.*

We find the same to be true here. The written reprimand and the negative performance evaluation document the basis for Fieno's termination. We further believe that the public has an interest in disciplinary materials that relate to individuals who are responsible for administering our community colleges. We therefore hold that both the written reprimand and the performance evaluation are public documents. Because these are public documents, Leatherbarrow is protected by an absolute privilege against Fieno's claim of defamation.

Fieno relies on *Bauer v. State*, 511 N.W.2d 447 (Minn.1994). In *Bauer*, the Minnesota Supreme Court held that "allegedly defamatory statements made within the context of an administrative personnel matter," did not raise public policy considerations to the point that the defendants were entitled to absolute immunity. 511 N.W.2d at 450. Here, however, we have more than "an administrative personnel matter." We have the termination of an associate dean of a community college. We also have documents supporting that termination, documents we have found to be public. Public policy considerations are not so limited here and *Bauer* is not applicable.

Leatherbarrow also argues that he is entitled to absolute immunity on Fieno's defamation claim because he was required by law to publish the reprimand and performance evaluation and further that public policy considerations demand application of absolute immunity to this case. Because we found the documents at issue to be public information, we need not reach these issues.

---

6. We note also that the written reprimand and performance evaluation would be considered public documents under Minn.Stat. § 13.43, subd. 2(a)(4) (personnel data that evidence any complaints or charges against an employee of a state agency are public).

### DECISION

The written reprimand and performance evaluation are public documents. Leatherbarrow, therefore, is protected by an absolute privilege as to Fieno's claim of defamation. The trial court erred in denying Leatherbarrow's motion for summary judgment.

**Reversed.**