In the Matter of the CERTIFICATE OF AUTHORITY OF MUTUAL PROTECTIVE INSURANCE COMPANY, a Nebraska Corporation.

No. C1–01–314.

Court of Appeals of Minnesota.

Sept. 18, 2001.

Michael O. Freeman, Amy J. Reed, Lindquist & Vennum P.L.L.P., Minneapolis (for appellant Mutual Protective Insurance Company).

Mike Hatch, Attorney General, Michael J. Tostengard, Assistant Attorney General,

St. Paul (for respondent Department of Commerce).

Considered and decided by RANDALL, Presiding Judge, STONEBURNER and HUSPENI,* Judges.

## OPINION

HUSPENI, Judge.

The department of commerce issued a cease and desist order pursuant to Minn. Stat. § 45.027, subd. 5a (2000), based upon a determination that relator insurance company was in an "unsafe or unsound" financial condition. Relator contends that the department erred as a matter of law because it used the standards of Minn. Stat. § 60A.052 (2000) to justify an action under section 45.027. It contends that the department should instead have issued an order to show cause under section 60A.052. Finally, it contends that the decision is not supported by substantial evidence. Because we conclude that the department exceeded its statutory authority by proceeding under section 45.027, we reverse.

## FACTS

Appellant Mutual Protective Insurance Company (Mutual Protective), domiciled in Nebraska, sells insurance coverage in Minnesota. The vast majority of the policies carried by its 3,000 plus Minnesota policyholders are "long-term care" policies designed to reimburse the policyholder for nursing-home expenses. Mutual Protective has sold insurance in Minnesota since 1955.

The Minnesota Department of Commerce monitors the financial condition of insurance companies licensed to operate within the state, including their profitability. Mutual Protective posted increasingly large net losses between 1996 and 1999

and this trend continued through the first quarter of 2000. On May 19, 2000, the assistant commissioner of commerce issued a cease and desist order that was prompted by the recommendation of the department's life and health insurance actuary that Mutual Protective was in an unsound or unsafe financial condition. The order prevented Mutual Protective from transacting new business in Minnesota and from entering into any new reinsurance contracts with Minnesota domiciled insurers. The order also required that Mutual Protective continue to honor obligations under existing policies, pay claims thereon, continue to pay any and all fees to the Minnesota Department of Commerce, and make all required financial filings. The order further provided that Mutual Protective could request a hearing. A hearing was requested and held.

Following an administrative hearing, the administrative law judge (ALJ) issued findings and conclusions of law on September 11, 2000, and recommended that the cease and desist order be made permanent, subject to periodic review by the department of Mutual Protective's financial condition. On January 19, 2001, the commissioner adopted and augmented the ALJ's findings and conclusions and issued a permanent cease and desist order. This appeal followed.

## ISSUES

I. Did the department exceed its statutory authority in issuing the cease and desist order?

II. Is the decision supported by substantial evidence?

## ANALYSIS

■ Decisions of administrative agencies enjoy a presumption of correctness

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

and we will reverse an agency decision only where it reflects an error of law, the agency acted in an arbitrary and capricious manner, or the decision is not supported by substantial evidence. *Cable Communications Bd. v. Nor–West Cable Communications,* 356 N.W.2d 658, 668 (Minn.1984); *see also* Minn.Stat. § 14.69 (2000) (setting forth the standard of review). In considering questions of law, however, we "are not bound by the decision of the agency and need not defer to agency expertise." *St. Otto's Home v. Minnesota Dep't of Human Servs.,* 437 N.W.2d 35, 39–40 (Minn.1989) (citations omitted).

## Statutory Authority

■ The commissioner adopted the administrative law judge's (ALJ) determination that issuance of a cease and desist order was authorized by Minn.Stat. § 45.027, subd. 5a(a) (2000). Mutual Protective contends that the commissioner improperly implemented the remedy provided by section 45.027, while acting under the authority of Minn.Stat. § 60A.052 (2000), an entirely separate statute.[1] Mutual Protective observes that these provisions are found in different chapters, are not related, serve separate purposes, call for different procedures, establish different standards, and provide different penalties. There is merit in these observations.

Section 45.027, subdivision 5a, grants the authority to issue a cease and desist order

[w]henever it appears to the commissioner that a person has engaged or is about to engage in an act or practice constituting *a violation of a law, rule, or order* related to the duties and responsibilities entrusted to the commissioner.

Minn.Stat. § 45.027, subd. 5a(a) (emphasis added). Section 60A.052, in contrast, empowers the commissioner to "impose conditions or restrictions on the insurance company's authority to transact business in Minnesota" where such an order "is in the public interest" and the company "is in an unsound or unsafe condition." Minn.Stat. § 60A.052, subds. 1, 1(3). Importantly, prior to implementation of the power granted in section 60A.052, the insurance company must be granted an opportunity to show cause why the commissioner should not act.[2] *Id.,* subd. 2.

---

[1] Mutual Protective also contends that the commissioner erred by taking any action because the company's risk-based capital ratio never fell below 200%. Mutual Protective's risk-based capital ratio was cited by the commissioner's insurance actuary as evidence of the company's worsening financial health. Certain disclosures by a company are mandated by Minn.Stat. § 60A.62 (2000) when this ratio falls below 200%. Action by the commissioner is required by Minn.Stat. § 60A.64 (2000) when the figure has fallen below 100%. While we recognize that these thresholds are relevant to the department's review of a company's financial health, we do not accept the assertion that a risk-based capital ratio above 200% precludes discretionary action under Minn.Stat. § 60A.052.

[2] If a company is determined to be in an unsafe or unsound condition, Minn.Stat. § 60A.052, subd. 2, provides that

the commissioner may issue an order requiring the insurance company to show cause why any or all of the following should not occur: (1) revocation or suspension of any or all certificates of authority granted to the foreign or domestic insurance company or its agent; (2) censuring of the insurance company; [or] (3) the imposition of a civil penalty.

The department argues that the language "the commissioner may issue an order" in this context means that the commissioner need not issue an order to show cause before acting, and may instead issue a cease and desist order. We disagree, and conclude that the appropriate reading of the quoted language grants the commissioner discretion *whether to act at all* once it finds one of the grounds enumerated in subdivision 1 (such as being in an unsafe or unsound condition) has been satisfied. *Cf.* Minn.Stat. § 60A.64, subd. 2 (stating that the commissioner "shall" take

Mutual Protective argues that, since it did not engage in "a violation of a law, rule, or order," the proper action would have been to issue an order to show cause why the department should not act to prohibit Mutual Protective from selling new policies in Minnesota.

In addressing the question of whether an order to show cause should have issued rather than a cease and desist order, the ALJ stated:

> [A]lthough the Commissioner had the option under section 60A.052 to issue an order to show cause in this case or propose the suspension or revocation of the Company's Certificate of Authority, he was free to choose the alternative approach of issuing a Cease and Desist Order under section 45.027 to enforce the provisions of section 60A.052.

In so ruling, the ALJ necessarily construed Mutual Protective's "unsafe or unsound" financial condition to constitute a violation of a "law, rule or order," and thus justification for a cease and desist order under section 45.027. We conclude that this construction is incorrect.

Minn.Stat. § 60A.052, subd. 1, contains a list of conditions that are considered *grounds* for discretionary actions *by the commissioner.* Some of those conditions are indeed violations in and of themselves, and are expressly identified as such. *See, e.g., id.,* subds. 1(8) ("has violated or failed to comply with any order of the insurance regulator of any other state or jurisdiction"), 1(11) ("has violated or failed to comply with[ ] any of the provisions of the insurance laws including chapter 45 or chapters 60A to 72A or any rule or order

under those chapters"). But subdivision 1 does not by itself make such conditions unlawful; rather, it supplies a list of conditions upon which the commissioner may take further action as provided in subdivision 2 of section 60A.052. *Id.,* subd. 1. That possible further action does not, however, include or permit issuance of a cease and desist order; it does permit, at the discretion of the commissioner, issuance of an order to show cause. *Id.,* subd. 2.

■ Mutual Protective's "unsafe or unsound" financial condition did not constitute a "violation of the law" sufficient to trigger the cease and desist power provided to the commissioner under Minn.Stat. § 45.027, subd. 5a.[3] Pursuant to Minn. Stat. § 60A.052, subd. 2, and prior to any action, Mutual Protective was entitled to an opportunity to show cause why the department should not act to restrict the company's authority to issue new insurance policies in Minnesota.

■ We recognize that the department has a duty to safeguard insurance consumers in this state from companies that operate while in an unsafe or unsound financial condition. The department must be permitted to discharge that duty through all means available. The legislature has, we believe, provided the department and its commissioner with a specific and effective tool for protection of consumers in section 60A.052.

**Substantial Evidence**

Because we conclude that the department exceeded its statutory powers by instituting proceedings against Mutual Protective through a cease and desist or-

regulatory action where a company has reported a risk-based capital ratio at or below 100%).

**3.** The "unsafe or unsound" standard set forth in section 60A.052 is, we believe, an amor-

phous one. Minnesota law provides little to no guidance as to the definition of an "unsafe or unsound" financial condition. Therefore, we consider this a standard best applied within the reasoned confines of due process.

der rather than an order to show cause, it is not necessary to address whether the decision was supported by substantial evidence. However, because both parties have argued this issue extensively, a brief comment is appropriate. Mutual Protective alleges that the decision rests solely on the opinion of one department employee, that Mutual Protective was not provided notice that the department was even contemplating action, and that the decision was made without any consultation between the parties. Further, Mutual Protective argues that considerable evidence favorable to it, especially evidence of recent improvement in financial condition, was ignored. In contrast, the department argues, in effect, that notwithstanding the statutory basis on which this action was commenced, the decision itself is fully supported by the record established at the hearing and should not be interfered with "at this level."

We do not reject the department's argument as meritless. Nor do we ignore the conclusion of the ALJ that the department bore the burden of proving the allegations made against Mutual Protective. We nonetheless conclude that Mutual Protective was entitled to certain procedures and opportunities under section 60A.052 and was deprived of those procedures and opportunities because the action was initiated by a cease and desist order. It would be unfair and unjust, we conclude, to continue that deprivation by declaring that even though the proceeding was initiated by way of an inappropriate order, sufficient evidence was ultimately presented. Mutual Protective is entitled to respond to an order to show cause, as provided by section 60A.052, if the department chooses to issue such an order upon completion of appellate proceedings.

## DECISION

The department of commerce improperly commenced this action against Mutual Protective by issuance of a cease and desist order.

**Reversed.**