**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1957**

In the Matter of:  KSTP-TV,
Respondent,

vs.

Metro Transit,
Respondent Below,

Metropolitan Council,
Relator.

**Filed August 24, 2015
Affirmed
Chutich, Judge**

Office of Administrative Hearings
File No. OAH 8-0305-31782

Mark R. Anfinson, Minneapolis, Minnesota (for respondent)

David D. Theisen, Sydnee N. Woods, Metropolitan Council, St. Paul, Minnesota (for relator)

Considered and decided by Kirk, Presiding Judge; Connolly, Judge; and Chutich, Judge.

**S Y L L A B U S**

Data recorded by an on-board video system in public buses and maintained by a government entity for several reasons, and not solely because the bus driver is a government employee, are public data under the Minnesota Government Data Practices Act.

# OPINION

**CHUTICH**, Judge

Relator Metropolitan Council challenges an administrative-law judge's order compelling production of video recordings of two incidents that occurred in 2013 on Metro Transit buses, contending that the administrative-law judge erroneously concluded that the video recordings are public data. Because we determine that the data in question are public and do not fall within the definition of "personnel data" under the Minnesota Government Data Practices Act, Minnesota Statutes section 13.43, subdivision 1 (2014), we affirm.

## FACTS

The facts of this case are undisputed. Metropolitan Council is a "public corporation and political subdivision of the state" that serves the Twin Cities metropolitan area. *See* Minn. Stat. § 473.123, subd. 1 (2014). The council operates, among other things, a large fleet of buses through its Metro Transit division. All Metro Transit buses have digital video systems, consisting of five cameras, which record events occurring on and immediately adjacent to each bus. The system captures audible sound as well.

In July and September 2013, two Metro Transit bus drivers were involved in two separate and unrelated incidents while each was driving a bus. In each instance, transit officials undertook investigations that involved downloading portions of the video recordings from the buses to determine whether the bus drivers should be disciplined for their conduct. Transit officials determined that neither incident warranted discipline.

2

Respondent KSTP-TV requested copies of the video recordings of each incident. Metropolitan Council denied the requests, claiming that the portions of the video recordings that it had reviewed were nonpublic "personnel data" on the bus drivers under Minnesota Statutes section 13.43 (2014). The council also claimed that it lacked the ability to separate the public data on the video recordings from the nonpublic "personnel data."

KSTP filed a data practices complaint with the Minnesota Office of Administrative Hearings. After a hearing, the administrative-law judge determined that Metropolitan Council violated the data practices act and that KSTP was entitled to disposition as a matter of law. In so finding, the administrative-law judge rejected the council's contention that because portions of the video recordings were reviewed for investigatory and disciplinary purposes, the video recordings could be withheld as containing private "personnel data" on the bus drivers.

The administrative-law judge found that the council created the video recordings for a variety of "service and safety-related functions" and the video recordings documented events that occurred in public spaces when members of the public were present. In fact, the judge noted that the council acknowledged that the portions of the video recordings that it did not review are public data and available to anyone who requests the footage.

The administrative-law judge further noted that the purpose of classifying "personnel data" that does not result in discipline as nonpublic is to protect public employees from the taint of unproven allegations. Here, where the video recording

3

system itself does not "editorialize," the administrative-law judge concluded that this public policy purpose is not undermined.

Accordingly, the administrative-law judge determined that the video recordings were public data, ordered the council to furnish them to KSTP, and then stayed the order pending appeal. Metropolitan Council appealed by writ of certiorari.

## ISSUE

Are data recorded by an on-board video system in public buses public data or private "personnel data" on the bus driver under Minnesota Statutes section 13.43 when the government entity maintained the video recordings for a variety of reasons?

## ANALYSIS

Metropolitan Council appeals from the administrative-law judge's order compelling it to furnish the requested video recordings to KSTP. After a final decision on a data practices complaint is issued by an administrative-law judge, the aggrieved party is entitled to judicial review. Minn. Stat. § 13.085, subd. 5(d) (2014). This court may affirm the decision, remand for further proceedings, or reverse or modify the decision if the substantial rights of the petitioner may have been prejudiced because the decision is, among other things, affected by an error of law, unsupported by substantial evidence, or arbitrary or capricious. Minn. Stat. § 14.69 (2014).

The issue presented here—whether video recordings from public buses are public data or private "personnel data" under the data practices act—is a question of first impression. It is also an issue of statutory interpretation that we review de novo. *See Helmberger v. Johnson Controls, Inc.*, 839 N.W.2d 527, 531 (Minn. 2013). "The object

4

of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2014). "When legislative intent is clear from the statute's plain and unambiguous language, we interpret the statute according to its plain meaning without resorting to other principles of statutory interpretation." *City of Brainerd v. Brainerd Invs. P'ship*, 827 N.W.2d 752, 755 (Minn. 2013).

In examining the language of a statute, "we construe words and phrases according to their common usage." *KSTP-TV v. Ramsey Cnty.*, 806 N.W.2d 785, 788 (Minn. 2011) (citing Minn. Stat. § 645.08 (2010)). We must also "read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.* (quotation omitted). When relying upon the plain statutory text, "we read words and phrases to avoid absurd results and unjust consequences." *Id.* (quotation omitted).

Turning to the application of the act, the parties agree that Metropolitan Council is a "government entity" subject to the act and that the video recordings are "government data." *See* Minn. Stat. § 13.02, subds. 7 (defining "government data"), 7a (defining "government entity") (2014); *see also* Minn. Stat. § 13.01, subd. 1 (2014) (stating that all government entities are subject to the act). The act "regulates the collection, creation, storage, maintenance, dissemination, and access to government data in government entities." Minn. Stat. § 13.01, subd. 3 (2014). It seeks "to balance the rights of individuals (data subjects) to protect personal information from indiscriminate disclosure with the right of the public to know what the government is doing." *Demers v. City of Minneapolis*, 468 N.W.2d 71, 72 (Minn. 1991). A "complex and technical" law, "[t]he

Act operates through a system of classification and how the data are classified ultimately determines who has access to the data." *Wiegel v. City of St. Paul,* 639 N.W.2d 378, 381–82 (Minn. 2002).

The data practices act mandates that all government data are public unless the data are specifically classified by law as "not public." *KSTP-TV*, 806 N.W.2d at 788. Section 13.01, subdivision 3 states, "This chapter . . . establishes a presumption that government data are public and are accessible by the public for both inspection and copying unless there is federal law, a state statute, or a temporary classification of data that provides that certain data are not public." Minn. Stat. § 13.01, subd. 3; *see also* Minn. Stat. § 13.03, subd. 1 (2014) (stating that government data "collected, created, received, maintained or disseminated by a government entity" is public unless otherwise classified). "'Not public data' are any government data classified by [law] as confidential, private, nonpublic, or protected nonpublic." Minn. Stat. § 13.02, subd. 8a (2014).

The council claims that the video recordings are "not public data" because section 13.43 classifies this data as private "personnel data" on the bus drivers. It contends that the bus drivers are the subjects of the video recordings and that when the council downloaded and maintained the video recordings specifically to evaluate the "conduct, actions, and behavior" of the bus drivers, the audio and video excerpts became "personnel data" under section 13.43 of the act. The council further argues that because neither bus operator was ultimately disciplined, the data on the video recordings permanently became private "personnel data" under this section's provisions. *See* Minn.

6

Stat. § 13.43, subds. 2, 4; *Demers v. City of Minneapolis*, 486 N.W.2d 828, 831–32 (Minn. App. 1992).

The plain language of section 13.43 does not support the council's argument. While it is true that "personnel data" of public employees are private unless specifically listed as "public data" in another subdivision, *see* Minn. Stat. § 13.43, subds. 2, 4, the council cannot show that these video recordings meet the definition of "personnel data."

The definition of "personnel data" is straightforward. "Personnel data" are "government data on individuals maintained because the individual is . . . an employee of . . . a government entity." Minn. Stat. § 13.43, subd. 1. But the parties disagree as to three definitional issues: whether data in these video recordings are (1) "data on individuals"[1] that were (2) "maintained," (3) "because" the bus drivers are Metro Transit employees.

The record shows as a matter of law that, even assuming without deciding that the video recordings are "data on individuals," the other two prerequisites are not met. As the council acknowledged, and the administrative-law judge specifically found, these video recordings serve "a variety of service and safety-related functions for the agency." These purposes presumably include criminal investigations, accident investigations, monitoring passenger behavior and needs, as well as evaluating the performance of personnel. Given the administrative-law judge's unchallenged factual finding concerning the many uses of the video recordings and the practice of Metro Transit to routinely

---

[1] The act defines "Data on individuals" as "all government data in which any individual is or can be identified as the subject of that data." Minn. Stat. § 13.02, subd. 5 (2014).

preserve these video recordings for a period of time, regardless of whether any complaints occur, the video recordings are not data "maintained because" the bus drivers are employees of Metro Transit. *See* Minn. Stat. § 13.43, subd. 1. Accordingly, they do not fall within the plain language of section 13.43 and cannot be classified as "personnel data." The video recordings are therefore public data under the data practices act.[2]

While factually dissimilar to this case, the supreme court's decision in *Demers* nevertheless supports our determination that the video recordings are public data. In *Demers*, a college student sued the City of Minneapolis for a declaratory judgment that nonpending and noncurrent police-department internal-affairs complaint forms are public data. *Demers*, 468 N.W.2d at 72. The city countered that the identifying information of those persons who filed complaints against Minneapolis police officers are private "personnel data." *Id.* at 73. The city refused to disclose that information. *Id.* at 72.

The Minnesota Supreme Court agreed with the student and concluded that the "information identifying complainants on nonpending, noncurrent police department internal affairs complaint forms is public government data under the [data practices act]." *Id.* at 74. The court reasoned,

> The plain language of these statutes indicates that personnel data are data that identify the employee who is the subject of the data. The police officer, whose identity is public data under section 13.43, is the employee who is the subject of the data. The complainant is neither the employee nor the subject of the data. Accordingly, as held by the trial court and the

___

[2] Because we determine that the video recordings are not "personnel data," we do not reach the council's argument that "personnel data" are permanently classified as private when no discipline is imposed as a result of an investigation. *See* Minn. Stat. § 13.43, subd. 2(a)(5).

> court of appeals, information identifying the internal affairs
> complainant is not "personnel data" at all.

*Id.* at 73.

The principle demonstrated in *Demers* holds true here as well. Data that are not initially classified as private "personnel data" are not automatically converted to private data merely because the data are used for personnel purposes. Video recordings from public buses are maintained for a variety of reasons. Although the video recordings were eventually downloaded and used to review the bus drivers' conduct, that investigatory use does not mean that the video recordings became "personnel data."

The council disagrees and presents a timing argument as to when the data's classification should be assessed, asserting that the act "acknowledge[s] and, in [some] circumstances, require[s] data to change classifications." It contends that, while the video recordings are public data while the cameras are recording on the bus, once the video recordings are downloaded to review and to evaluate the conduct of the bus drivers, the video recordings' classification changes permanently to private "personnel data." Because the requests for the video recordings here were made when the video recordings were already being used for personnel purposes, the council contends that the private "personnel data" classification applies, citing section 13.03, subdivision 9 (2014), in support.[3] But KSTP asserts, and we agree, that this subdivision resolves which version of

---

[3] Subdivision 9 provides that "the classification of data is determined by the law applicable to the data at the time a request for access to the data is made, regardless of the data's classification at the time it was collected, created, or received." Minn. Stat. § 13.03, subd. 9.

9

the statute applies when the statute has been amended. Here, there was no intervening amendment to the "law applicable to the data."

And as we have already provided, the video recordings' classification as public data is not forfeited because they are maintained in part for personnel purposes. Nor does the presence of a public employee change the classification of a recording of events that occurred in public when the recording was originally maintained by the government entity for many purposes. Accordingly, when KSTP made the data request, the video recordings were public data that KSTP was entitled to access.

Public policy supports our reading of the plain language of the definitional section of 13.43 to exclude these video recordings from the classification of "personnel data." In the context of this case, classifying these video recordings as public data makes sense. The driving force behind section 13.43's classification of certain data as private is to "protect the privacy of government employees." *Demers,* 468 N.W.2d at 73. But any concern for protecting a public employee's personal information is lessened by the public setting and nature of the employee's actions here. While driving a public transit bus throughout the public highways and byways of the metropolitan area, the driver's actions are hardly private; how a driver performs his duties is highly visible to passengers, and even to nearby pedestrians and motorists.

Moreover, any concerns that a public employee may be exposed to the stigma of unproven allegations or to the potential bias of exaggerated reporting is alleviated by the nature of the video recording system. The system records regardless of who is operating the bus, who is on the bus, or what is happening in or around the bus.

10

Finally, as KSTP asserts, interpreting section 13.43 broadly to mean that data originally classified as public data can be converted, perhaps permanently, to private data because they are used in a personnel investigation that did not result in discipline may allow manipulation by government entities to prevent public access to certain government data.[4] During the course of a personnel investigation, for example, a government entity could potentially claim that virtually any data serve a role in its investigation and thereby reclassify those data as private "personnel data." Such data could, in turn, remain permanently classified as private if no discipline is imposed. This result would be contrary to the crux of the act—that all government data are presumed public unless otherwise classified by statute or other law. Minn. Stat. § 13.01, subd. 3.

## D E C I S I O N

Because the video recordings were maintained for a variety of purposes, and not solely because the bus drivers were government employees, they are public data. We affirm the order of the administrative-law judge compelling Metropolitan Council to furnish the on-board bus video recordings to KSTP.

**Affirmed.**

---

[4] Neither KSTP nor the record suggests any improper motivation by Metropolitan Council in withholding the data here.