*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1651**

Robert Burks,
Respondent,

vs.

The Metropolitan Council,
Appellant.

**Filed September 8, 2015
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CV-14-3175

Justin M. Page, Mid-Minnesota Legal Aid Minnesota Disability law Center, Minneapolis, Minnesota (for respondent)

Don Mueting, David D. Theisen, Sydnee N. Woods, Metropolitan Council, St. Paul, Minnesota (for appellant)

Timothy J. Louris, Miller O'Brien Jensen, P.A., Minneapolis, Minnesota (for amicus curiae Amalgamated Transit Union, Local 1005).

Considered and decided by Kirk, Presiding Judge; Connolly, Judge; and Chutich, Judge.

**CONNOLLY**, Judge

Appellant, a government entity, challenges the summary judgment granted to respondent, a user of a service provided by appellant, holding that data recorded by appellant's video system is public data and must be disclosed. Because we agree that the data is public, we affirm.

## FACTS

In November 2013, the driver of a bus operated by Metro Transit, a division of appellant The Metropolitan Council, informed respondent Robert Burks, a blind man and a regular patron of the bus system, that the driver did not want respondent on his bus. In response to the driver's call to dispatch, two Metro Transit officers arrived and escorted respondent off the bus. Equipment on the bus produced an audio and video recording of the incident (the recording).

Later that day, respondent called Metro Transit's customer service to complain about his treatment. Metro Transit did not return his call and did not discipline the driver.

Respondent's attorney requested a copy of the recording from Metro Transit. Appellant's attorney replied that the request would be denied because the recording was private personnel data within the meaning of the Minnesota Government Data Practices Act (the MGDPA).[1]

---

[1] Appellant, a political subdivision of the State of Minnesota, is a "government entity" as defined by the MGDPA. *See* Minn. Stat. § 13.02, subd. 7a (2014) (defining "government entity" as "a state agency, statewide system, or political subdivision"), subd. 11 (2014)

Respondent then brought this action and moved for summary judgment on the ground that the recording was public data, not private personnel data, within the meaning of the MGDPA. The district court granted the motion and ordered the release of the recording. Appellant challenges the grant of summary judgment, reiterating its argument that the recording is private personnel data protected under the MGDPA.

**D E C I S I O N**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. This court reviews de novo both issues: whether there is a genuine issue of material fact and whether the district court erred when it applied the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 77 (Minn. 2002). De novo review also applies to interpretation of the MGDPA. *Helmberger v. Johnson Controls, Inc.*, 839 N.W.2d 527, 531 (Minn. 2013).

"The purpose of the MGDPA is to balance the rights of individuals to protect personal information from indiscriminate disclosure with the right of the public to know what the government is doing." *Demers v. City of Minneapolis*, 468 N.W.2d 71, 72 (Minn. 1991). The MGDPA accomplishes this purpose by "regulat[ing] the collection, creation, storage, maintenance, dissemination, and access to government data in government entities." Minn. Stat. § 13.01, subd. 3 (2014). The MGDPA also

(defining "political subdivision" to include "any board, commission, district, or authority created pursuant to law, local ordinance or charter provision").

3

"establishes a presumption that government data are public and are accessible by the public for both inspection and copying unless there is federal law, a state statute, or a temporary classification of data that provides that certain data are not public." *Id.* "Not public data" are "any government data classified by statute, federal law, or temporary classification as confidential, private, nonpublic, or protected nonpublic." Minn. Stat. § 13.02, subd. 8a (2014). "Private data on individuals" are data that a statute makes not public and accessible to the individual subject of the data. Minn. Stat. § 13.02, subd. 12 (2014). Private data on individuals include personnel data, except for data expressly classified as public in Minn. Stat. § 13.43, subd. 2 (2014). Minn. Stat. § 13.43, subd. 4 (2014). Personnel data are "government data on individuals maintained because the individual is or was an employee of . . . a government entity." Minn. Stat. § 13.43, subd. 1 (2014).

Appellant argues that the recording is "personnel data" within the meaning of Minn. Stat. § 13.43, subd. 1, *i.e.*, that the recording was maintained because the driver is or was an employee of a government entity. This court recently rejected that argument. *See In re KSTP-TV v. Metropolitan Council*, ___ N.W.2d ___, ___, 2015 WL 4994461, at *6 (Minn. App. Aug. 24, 2015) (concluding that, "[b]ecause the video recordings [of incidents in busses are] maintained for a variety of purposes, and not solely because the government bus drivers [are] employees, they are public data" and do not fall within the plain meaning of Minn. Stat. § 13.43, subd. 1).

*KSTP-TV* relies on *Demers*, 468 N.W.2d at 74 (holding that "information identifying complainants on nonpending, noncurrent police department internal affairs

complaint forms is public government data under [MGDPA]"). *KSTP-TV*, 2015 WL 4994461, at *4. While *Demers* concerned data that would identify a complainant, not a public employee, *KSTP-TV* extrapolated its holding to conclude that the use of otherwise public data to review an employee's conduct did not change the classification of that public data to private personnel data. *Id.* at *5.

Appellant relies on *Annandale Advocate v. City of Annandale*, 435 N.W.2d 24 (Minn. 1989) to argue that "the status of government data may change [from public to private] depending on specific purposes and circumstances." But *Annandale Advocate* is distinguishable on its facts: it concerned a newspaper's effort to obtain an investigative report of a police chief's alleged misconduct and incompetence that had been discussed at a closed city council meeting. *Id.* at 25-26. Its holding that, when data classified as private by the MGDPA must be discussed at a meeting required to be open by the Minnesota Open Meeting Law, the discussion portion of the meeting must be closed, is irrelevant here. *See id.*

Finally, appellant relies on Minn. Stat. § 13.43, subd. 2(a)(5), (listing the final disposition of a disciplinary action as public personnel data and thus an exception to the provision of Minn. Stat. § 13.43, subd. 4, that personnel data is private) to argue that, because no disciplinary action was taken, the recording is private personnel data. Because we conclude that the recording was not personnel data in any event, this argument is moot and we do not address it.

**Affirmed.**

5