STATE OF MINNESOTA

IN SUPREME COURT

A14-1651

Court of Appeals                                                              Stras, J.
                                                  Took no part, Hudson, Chutich, JJ.

Robert Burks,

                    Respondent/Cross-appellant,

vs.                                                              Filed: August 24, 2016
                                                        Office of Appellate Courts
Metropolitan Council,

                    Appellant/Cross-respondent.

_____

Justin M. Page, Mid-Minnesota Legal Aid, Minnesota Disability Law Center, Minneapolis, Minnesota, for respondent/cross-appellant.

David D. Theisen, Deputy General Counsel, Sydnee N. Woods, Associate General Counsel, Metropolitan Council, Saint Paul, Minnesota, for appellant/cross-respondent.

Mahesha P. Subbaraman, Subbaraman PLLC, Minneapolis, Minnesota, for amici curiae Public Record Media and The Minnesota Coalition on Government Information.

M. William O'Brien, Timothy J. Louris, Emily L. Marshall, Miller O'Brien Jensen, P.A., Minneapolis, Minnesota, for amicus curiae Amalgamated Transit Union, Local 1005.

_____

S Y L L A B U S

Under Minn. Stat. § 13.04, subd. 3 (2014), a passenger may access the video

recording of an incident on a public bus when he or she is an "individual subject of the

1

data."

Affirmed as modified.

O P I N I O N

STRAS, Justice.

This case requires us to determine whether, under the Minnesota Government Data Practices Act ("Data Practices Act"), a Metro Transit passenger has the right to access a video recording in Metro Transit's possession that depicts the passenger. *See* Minn. Stat. §§ 13.01-.90 (2014). The passenger in question, Robert Burks, requested access to the recording of an exchange he had with a Metro Transit bus driver. After Metro Transit, a division of Metropolitan Council, denied Burks's request, he filed a complaint in district court. The district court granted relief to Burks, concluding that he was entitled to access the recording because it is public data under the Data Practices Act. The court of appeals affirmed. *Burks v. Metro. Council*, No. A14-1651, 2015 WL 5194631, at *1 (Minn. App. Sept. 8, 2015). Because Burks is entitled to access the video recording as an "individual subject of the data," *see* Minn. Stat. § 13.04, subd. 3, we affirm.

I.

Certain Metro Transit buses, including the one involved in this case, are equipped with a digital-recording system. The system captures images and sounds from five cameras located throughout the bus. The video is stored on a hard drive, which can hold up to 330 hours of video before the system automatically records over the data, starting with the oldest data. If Metro Transit wants to retain a certain recording for a longer period, a Metro Transit employee has to download the recording from the hard drive on the bus and place

2

it onto a DVD before the system erases it.

Robert Burks, who is blind, seeks the video recording of an exchange he had with a Metro Transit bus driver on November 15, 2013. According to Burks's complaint, the bus driver and Burks argued when Burks allegedly had difficulty boarding a Metro Transit bus because of various objects in his way. After the bus driver called for assistance, two Metro Transit officers arrived and escorted Burks from the bus. Burks was not issued a ticket or charged with a crime. After a brief delay, the officers permitted Burks to board the next bus along his chosen route.

Later that same day, Burks called Metro Transit and left a message on its complaint line regarding his dissatisfaction with the bus driver's actions. Metro Transit never responded to the complaint. Just 17 days later, on December 2, 2013, Burks, through his attorney, sent a letter to Metro Transit requesting a copy of the video recording of the incident. On January 7, 2014, Metro Transit informed Burks that it would not release the recording to him without a court order because it considered the recording to be "private personnel data on the driver."

Burks filed a complaint in district court in which he requested, among other relief, that the court require Metro Transit to release the video recording to him. After considering the parties' respective motions for summary judgment, the court determined that the recording is public data under the Data Practices Act and ordered Metro Transit to release a copy of it to Burks. In an unpublished opinion, the court of appeals affirmed the district court's decision. *Burks*, 2015 WL 5194631, at \*1. The court of appeals relied on its decision in a related case, *KSTP-TV v. Metro Transit*, 868 N.W.2d 920, 920-21 (Minn.

3

App. 2015), in which it had held that video recordings from public buses are public data, not private personnel data under Minn. Stat. § 13.43. *Burks*, 2015 WL 5194631, at \*1.

We granted Metropolitan Council's petition for review on the question of whether the recording is private personnel data under the Data Practices Act. We also granted the petition for conditional cross-review, in which Burks argues that he must be given access to the recording as a "subject" of the data under Minn. Stat. § 13.04, subd. 3, or, in the alternative, because the district court ordered Metro Transit to release the recording under Minn. Stat. § 13.43, subd. 4.

II.

The parties present a number of issues for our review, but one of the arguments in Burks's petition for conditional cross-review fully resolves the case. Specifically, Burks argues that, under Minn. Stat. § 13.04, subd. 3, he is entitled to access the recording, which is currently in the possession of Metro Transit, because he is an "individual subject of the data."

As we hold in a companion case, Metro Transit, as a division of Metropolitan Council, must comply with the requirements of the Data Practices Act. *KSTP-TV v. Metro. Council*, ___ N.W.2d ___, No. A14-1957, slip op. at __ (Minn. Aug. 24, 2016). One requirement imposed by the Data Practices Act is that government entities, including Metro Transit, have a statutory obligation to provide copies of "private or public data upon request by the individual subject of the data." Minn. Stat. § 13.04, subd. 3. In addition to the duty imposed on the government entity to provide copies, the Data Practices Act also creates an explicit right of access in favor of the individual subject of the data. *See id.* ("[A]n

4

individual who is the subject of stored private or public data on individuals shall be shown the data without any charge."); *see also Wiegel v. City of St. Paul*, 639 N.W.2d 378, 385 (Minn. 2002) (citing Minn. Stat. § 13.04, subd. 3, for the proposition that "the individual subjects of private data on individuals are entitled to access to such data as a matter of right upon request").

Burks has satisfied each of the prerequisites in Minn. Stat. § 13.04, subd. 3, for access to the recording. First, Burks made a "request to a responsible authority or designee" when his attorney sent a letter to Metro Transit that requested a copy of the recording. Minn. Stat. § 13.04, subd. 3. Second, the request was to access "private or public data." *Id.* It is irrelevant whether the recording in question is public data, as Burks argues, or private personnel data, as Metropolitan Council claims, because the right of access granted to the individual subject of the data extends to both public and private data. Third, the private or public data is currently "stored" by Metro Transit. *Id.* Fourth, as the district court explicitly found, Burks is an "individual subject of the data." *Id.* Metropolitan Council does not dispute this finding.

Rather, Metropolitan Council contends that Burks is not the only subject of the data, as the bus driver, who is also identifiable in the recording, is also a subject of the data. According to Metropolitan Council, the privacy rights of the bus driver trump Burks's statutory right of access to the video. We disagree with Metropolitan Council's position.

The statute in question confers the right of access to an individual "who is *the* subject of stored private or public data on individuals," which, when read in isolation, could be interpreted as limited in application to data on a single individual. *See id.* (emphasis

5

added).  As we have observed, "[t]he definite article 'the' is a word of limitation that indicates a reference to a specific object."  *State v. Hohenwald*, 815 N.W.2d 823, 830 (Minn. 2012).  The specific object to which "the" refers is "subject," which arguably supports Metropolitan Council's interpretation that an individual must be the only subject of the data for the right of access to apply.

The other part of the sentence governing the right of access, however, refutes Metropolitan Council's interpretation.  Although the statute confers the right of access to the individual subject of the data, the right itself is to access "stored private or public data on individual*s*."  Minn. Stat. § 13.04, subd. 3 (emphasis added).  The use of the plural "individuals" indicates that the data to which the right is subject may contain more than a single subject.  *See Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 435-36 (Minn. 2009) (applying the canon that "the singular includes the plural; and the plural, the singular"). Indeed, "data on individuals" means

> data in which any individual is or can be identified as the subject of that data, unless the appearance of the name or other identifying data can be clearly demonstrated to be only incidental to the data and the data are not accessed by the name or other identifying data of any individual.

Minn. Stat. § 13.02, subd. 5.  According to this definition, so long as at least one individual is identifiable as a subject, it does not matter that other individuals may be identifiable as well.  Therefore, the phrase "data on individuals" clearly contemplates data in which multiple individuals may be identifiable as subjects.

Accordingly, the Minnesota Data Practices Act confers a right of access to stored private or public data on an individual if he or she "is or can be identified as the subject of

6

th[e] data." Minn. Stat. § 13.02, subd. 5. The right extends to "the individual subject"—that is, the identifiable individual—even if the data in question identifies other individuals. Because Burks satisfies each of the prerequisites for access to the video recording, *see* Minn. Stat. § 13.04, subd. 3, he is entitled to access the recording regardless of whether it is private personnel data under Minn. Stat. § 13.43.

## III.

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed as modified.

HUDSON, CHUTICH, JJ., took no part in the consideration or decision of this case.